UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CASSANDRA BROUSSARD | CIVIL ACTION |
| VERSUS | NO. 26-278 |
| START CORPORATION | DIVISION (3) |

### ORDER AND REASONS

Defendant START Corporation has filed a Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (R. Doc. 4). No opposition has been filed, and the deadline to do so has expired. Having considered the submissions of counsel, the record, and the applicable law, the Court grants the Motion.

### I.     Background

Plaintiff, Cassandra Broussard, is a Black woman[1] who was employed by START Corporation as a Registered Nurse in the Assertive Community Treatment team.[2] She was employed at START Corporation from approximately December 2019 until her termination on April 26, 2024.[3] Plaintiff alleges that she was subjected to disparate treatment by her supervisor, Jeremy Echols.[4] According to Plaintiff, Echols would minimalize, marginalize, and devalue Plaintiff's work while praising Plaintiff's white counterpart.[5] In addition, Echols would impose more critical and punitive

---

[1] R. Doc. 1-2, ¶¶ 1, 20.
[2] *Id.* ¶ 3.
[3] *Id.* ¶¶ 3, 19.
[4] *Id.* ¶¶ 5–6.
[5] *Id.*

1

documentation and performance standards on Plaintiff than on similarly situated white employees.[6] Plaintiff further alleges that when she and a white counterpart both raised concerns about a new work policy, only Plaintiff was docked points for adaptability in her evaluation.[7] When Plaintiff attempted to escalate her concerns regarding Echols, upper management provided no response.[8] Plaintiff also claims that Human Resources ignored her report that Echols was engaging with insurance fraud.[9] Following these complaints, Defendant hired an administrative assistant, Elizabeth Haskins.[10] According to Plaintiff, Haskins immediately began making false accusations against Plaintiff and intentionally impeded Plaintiff's work.[11] Plaintiff repeatedly complained to management that Haskins was harassing her, creating division within the team, and fostering a hostile work environment.[12] On April 24, 2024, Defendant placed Plaintiff on unpaid administrative leave.[13] Plaintiff was allegedly informed that the suspension was imposed because she had previously reported concerns about a coworker.[14] On April 26, 2024, Defendant terminated

---

[6] *Id.* ¶ 7.
[7] *Id.* ¶¶ 8–9.
[8] *Id.* ¶ 10–11.
[9] *Id.* ¶ 11.
[10] *Id.* ¶ 13.
[11] *Id.*
[12] *Id.* ¶ 15.
[13] *Id.* ¶ 17.
[14] *Id.* ¶ 18.

Plaintiff's employment for bullying, submitting false documents, belittling, threatening, and harassing coworkers.[15]

Plaintiff originally filed her complaint in Louisiana state court on December 19, 2025.[16] Defendant removed this action to federal court on February 6, 2026.[17] Plaintiff brings claims against Defendant for race-based employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*,[18] discrimination and retaliation under 42 U.S.C. § 1981,[19] discrimination and pursuant to Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*,[20] retaliation under Louisiana's anti-reprisal statue, La R.S. 23:967,[21] intentional infliction of emotional distress, and negligent supervision.[22]

## II.  Standard of Law

### A.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Dismissal is appropriate when a plaintiff has not pleaded enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[15] *Id.* ¶ 19.
[16] *Id.* at 1.
[17] R. Doc. 1.
[18] R. Doc. 1-2, ¶ 24.
[19] *Id.* ¶ 26.
[20] *Id.* at 4.
[21] *Id.*
[22] *Id.* ¶ 21.

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

III.   **Analysis**

   A.   **Plaintiff fails to state a claim under the Louisiana Employment Discrimination Law.**

Plaintiff brings a claim under the Louisiana's Employment Discrimination Law, La. R.S. 23:301, *et seq.*[23] Defendant argues that the Louisiana's Employment Discrimination Law is inapplicable to nonprofits.[24]

The Louisiana Employment Discrimination Law, set forth in La. R.S. 23:301, *et seq.*, provides a cause of action against an "employer" engaging in discrimination. Section 302 defines "employer" and explicitly provides that "[t]his Chapter shall not apply to ... Employment of an individual by a private educational or religious institution or any nonprofit corporation." L.A. R.S. 23:302(2)(b). In her complaint, Plaintiff alleges that START Corporation is a nonprofit organization.[25] In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Thus, START

---

[23] *Id.* ¶ 21.
[24] R. Doc. 4-1 at 4.
[25] R. Doc. 1-2 at 1.

Corporation is not an "employer" under the Louisiana Employment Discrimination Law. Plaintiff's Louisiana Employment Discrimination Law claim must be dismissed.

### B. Plaintiff fails to state a claim for intentional infliction of emotional distress.

Plaintiff alleges that Defendant's conduct constitutes intentional infliction of emotional distress ("IIED"). Defendant avers that Plaintiff fails to allege extreme and outrageous conduct or severe emotional distress.[26] "In order to establish an IIED claim under Louisiana law, a plaintiff must show: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *Eng. v. Crochet*, 154 F.4th 369, 374 (5th Cir. 2025) (internal citations and quotations omitted). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.*

Plaintiff alleges that she experienced disparate treatment based on her race. The Fifth Circuit has rejected claims of greater outrageous conduct. *See Baker v. FedEx Ground Package System Inc.*, 278 Fed. Appx. 322 (5th Cir. 2008) (affirming district court holding that a coworker's conduct was not extreme and outrageous when she commented that she did not want to work with people like plaintiff, an

---

[26] R. Doc. 4-1 at 5–6.

African-American female, and that "whites rule"). Plaintiff's allegations of hostile work environment, bullying, and harassment also do not rise to the level of extreme and outrageous. *See Deus v. Allstate Ins. Co.*, 15 F.3d 506, 516 (5th Cir. 1994) (noting that the jurisprudence in Louisiana recognizes that hostile work environment tort claims do not extend to issues related to plaintiff's work performance). Further, the complaint does not contain specific dates of harassment. *See White v. Monsanto Co.*, 585 So. 2d 1205, 1210 (La. 1991) ("[I]ntentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time.").

Moreover, Plaintiff does not allege any facts to support the allegation that she suffered emotional distress.[27] Accordingly, Plaintiff fails to make out a claim of IIED.

### C. The Louisiana Workers' Compensation Law bars Plaintiff's negligent supervision claim.

Defendant asserts that Plaintiff's negligent supervision claim is barred by the Louisiana Workers' Compensation Act, La. R.S. 23:1032.[28] The LWCA provides the exclusive remedy for all workplace injuries except for those stemming from intentional acts. *See* La. R.S. 23:1032(A)(1)(a) ("*Except for intentional acts* ... the rights and remedies herein granted to an employee or his dependent on account of an injury ... shall be exclusive of all other rights, remedies, and claims for damages ....") (emphasis added). "[P]laintiff bears the burden of showing a qualifying intentional

---

[27] R. Doc. 1-2, ¶ 22.
[28] R. Doc. 4-1 at 6–7.

6

act." *Rolls on behalf of A. R. v. Packaging Corp. of Am. Inc.*, 34 F.4th 431, 441 (5th Cir. 2022). Plaintiff's allegation of negligent supervision does not meet that standard. Thus, Plaintiff's claim for negligent supervision is barred by the Louisiana Workers' Compensation Act.

### IV. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (R. Doc. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claim under the Louisiana Employment Discrimination Law is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claim of intentional infliction of emotional distress is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claim of negligent supervision is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 3rd day of March, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE