UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CASSANDRA BROUSSARD                          CIVIL ACTION

VERSUS                                        NO. 26-278

START CORPORATION                            DIVISION (3)

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (R. Doc. 14). Defendant opposes the motion.[1] Plaintiff has not filed a reply. Based on the parties' submissions, the record, and the law, the motion is denied.

## I.    Background

On February 13, 2024, Defendant filed a partial motion to dismiss for failure to state a claim, which was set for submission on March 3, 2026.[2] Plaintiff did not file a response to Defendant's motion. On March 3, 2026, the Court granted Defendant's motion as unopposed and dismissed Plaintiff's claims for intentional infliction of emotional distress, negligent supervision, and violation of the Louisiana Employment Discrimination Law.[3] On March 12, 2026, Plaintiff filed the instant motion for reconsideration relative to the Court's March 3, 2026, order.[4]

---

[1] R. Doc. 18.

[2] R. Doc. 4.

[3] R. Doc. 12.

[4] R. Doc. 14.

1

## II.    Standard of Law

Plaintiff brings her motion under Federal Rule of Civil Procedure 59(e). That rule, however, is not applicable here. In *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017), the Fifth Circuit held that a district court abused its discretion when it applied the "heightened standard of Rule 59(e)" to a motion for reconsideration of an interlocutory ruling rather than the "more flexible Rule 54(b)" standard. *See id.* at 337. In doing so, the Fifth Circuit made clear that Rule 59(e) does not apply to interlocutory rulings. *Id.*

The prior ruling on Defendant's partial motion to dismiss was interlocutory. *See Carter v. RMH Teleservices, Inc.*, 205 F. App'x 214, 217 n.1 (5th Cir. 2006). Thus, it is subject to Rule 54(b). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A trial court is "free to reconsider and reverse [an interlocutory] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at 336 (internal quotation marks omitted). Additionally, "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be [ ] flexible, reflecting the 'inherent power of the rendering district court to afford

2

such relief from interlocutory judgments as justice requires.'" *See id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

## III.   Analysis

A court may reconsider an earlier ruling "for any reason it deems sufficient ...." *Austin v. Kroger Texas, L.P.,* 864 F.3d at 336. Plaintiff, however, has presented no persuasive justification for reconsideration of the prior ruling.

Plaintiff has not established any error in the ruling. Plaintiff maintains that she sufficiently alleged a claim of intentional infliction of emotional distress. Her motion, however, is devoid of any supporting authority.[5] In addition, Plaintiff claims that the exclusivity provision of the Louisiana Workers' Compensation Act ("LWCA") only applies to physical workplace injuries. Courts have rejected similar arguments. *See Jackson v. Country Club of Louisiana, Inc.*, No. 20-452, 2021 WL 261538, at *3 (M.D. La. Jan. 26, 2021) (rejecting plaintiffs' claim that the LWCA did not exclude their negligence claims because they suffered only mental injuries); *Pearson v. IHOP*, No. 09-3071, 2010 WL 971798, at *4 (E.D. La. Mar. 10, 2010); *see also Ward v. Bechtel Corp.*, 102 F.3d 199, 204 (5th Cir. 1997).

---

[5] Plaintiff also incorrectly interprets the Court's March 3, 2026 order as dismissing all claims. R. Doc. 14-1 at 8.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (R. Doc. 14) is **DENIED.**

New Orleans, Louisiana, this 2nd day of April, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE